IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNUM LIFE INSURANCE COMPANY OF
AMERICA,

                      Plaintiff,                      ORDER

    v.

                                                17-cv-440-jdp

LISA C. SPERLE,

                      Defendant.

---

      Plaintiff Unum Life Insurance Company of America has sued defendant Lisa C. Sperle. According to Unum, Sperle obtained long term disability coverage under a group policy issued to her employer and administered by Unum. The policy allows Unum to recover overpayments due to "receipt of deductible sources of income." Dkt. 1, ¶ 5. Social Security Disability Income (SSDI) benefits qualify as a deductible source of income. According to Unum, it overpaid Sperle $70,053, because Sperle was receiving SSDI benefits for the same period that she was receiving long term disability benefits. Unum wants to recover that money.

      Unum alleges that it brings its claims against Sperle under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(e), and that, as a result, the court may exercise subject matter jurisdiction over Unum's claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). Dkt. 1, ¶ 3.[1] 29 U.S.C. § 1132(e)—the only ERISA provision that Unum cites—provides that United States district courts "shall have exclusive jurisdiction of civil actions under this subchapter." But on the face of the complaint, Unum brings state law causes of

---

[1] The court assumes that Unum meant 28 U.S.C. § 1331 when it wrote 28 U.S.C. § 1131.

action: for restitution, unjust enrichment, and breach of contract. Unum alleges that the policy and "[e]quity demand[] that Defendant return the overpaid benefit amount to Unum." Dkt. 1, ¶ 21.

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). The party invoking federal jurisdiction bears the burden of establishing that jurisdiction is proper. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009). Unum needs to explain how its claims fall under ERISA. The court will afford Unum a short opportunity to file an amended complaint that establishes the court's subject matter jurisdiction.

## ORDER

IT IS ORDERED that:

1. Plaintiff Unum Life Insurance Company of America may have until June 27, 2017, to file and serve an amended complaint that alleges a basis for this court's subject matter jurisdiction.

2. Failure to timely amend will result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered June 13, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge